FIRST NATIONAL BANK OF HOPKINTON *vs.* WILLIAM H. GREENE, EXR.

WASHINGTON—JULY 23, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *New Trial. Appellate Division. Quorum.*

Under Gen. Laws cap. 222, § 3, as amended by Pub. Laws cap. 451, and cap. 649, upon appeals from Probate Courts where no jury trial is claimed, one justice of the Appellate Division is a quorum, and his decision is final and conclusive and is not subject to review by the other ·branch of the Appellate Division upon petition for new trial.

(2) *New Trial. Quorum of Appellate Division. Re-argument.*

*Semble,* that in cases tried before a single justice, where his decision is final, a re-argument or rehearing may be moved for within the time limited by statute before the same branch of said Division where the case was tried.

*Quære,* whether, in case a motion for rehearing were made before the justice who heard the case, it would be competent for him, after vacating his decision and re-opening the case, to reserve the case for hearing before three justices.

APPEAL from decree of a Probate Court.   Heard on petition for new trial, and petition dismissed for want of jurisdiction.

TILLINGHAST, J.   This is an appeal from a decree of the Probate Court of Hopkinton, entered May 7, 1900, confirming the report of commissioners appointed by said court September 4, 1899, to examine and report upon claims of creditors on the estate of the testator, Benjamin F. Greene, de-

ceased.   The appeal was taken directly to this division of the court, and no jury trial was claimed.   See Gen. Laws R. I. cap. 248, § 3.   The case was tried before Mr. Justice Douglas, one of the justices assigned to said Division, on November 27, 1900, and on December 13, 1900, he rendered his decision confirming the decree of the Probate Court.   Being dissatisfied with this decision, the appellant petitioned for a new trial, and the case is now before us upon the question whether we have any jurisdiction to hear and determine such petition.

(1)   Gen. Laws R. I. cap. 222, § 3, as amended by Pub. Laws R. I. cap. 451, and as further amended by Pub. Laws R. I. cap. 649, provides as follows:

"Any one justice of the supreme court assigned to the appellate division, shall be a quorum for all purposes whatsoever, in said appellate division, except for the trial of petitions for new trial, demurrers, motions in arrest of judgment, writs of error, petitions for mechanic's liens, and all other statutory proceedings following the course of equity, and the hearing of bills in equity and the entering of final decrees therein; and one justice shall also be a quorum to enter all orders and decrees including final orders and decrees in bills and petitions in equity, and in statutory proceedings following the course of equity, when decree is to be entered by reason of default or by reason of consent of parties, and where the petition or bill is for the appointment of a new trustee; and also to hear and enter decrees and orders on all interlocutory motions in equity causes and statutory proceedings following the course of equity: *Provided*, that in cases certified from the common pleas division by reason of jury trial being waived, heard in the appellate division by any justice thereof, either party shall have the right to petition for a new trial in the same manner and with the same effect as if the case had been heard in the common pleas division before a justice thereof sitting with a jury; *provided, further*, that such justice, if the gravity of the matter heard by him under the provisions of this section demand, may reserve such matter for hearing before three justices of such division.

Three justices thereof shall be a quorum for all purposes whatsoever in said appellate division, including the final determination in any action, suit or proceeding, civil or criminal, of any question arising therein under the constitution of this state or of the United States," etc.

Under this statute the Appellate Division, for certain purposes, consists of one justice, and for certain other purposes it consists of three justices. For those purposes for which one justice is a quorum, one justice constitutes the Appellate Division; while for those purposes for which three justices are required for a quorum, three justices are necessary to constitute said Division. In either case, however, a quorum of the court *is* the court for all purposes whatsoever within the limits of its jurisdiction, unless the statute makes some exception thereto. Appeals from Probate Courts where no jury trial is claimed come directly to the Appellate Division, and they are not included in those cases which require three justices to constitute a quorum. They are, therefore, within the jurisdiction of one justice, and, when tried by one justice, his decision is final and conclusive; and it would be just as irregular and improper, as well as just as much beyond the jurisdiction of the three justices who compose the Appellate Division for other purposes, as aforesaid, to review his decision as it would be for a single justice to attempt to review the decision of three justices in a case where their decision is made. In other words, each branch of the Appellate Division, if it may thus be called for the sake of convenience—although in fact it is only one court—is independent of the other branch thereof. to this extent, and the decisions and judgments of one branch are just as much the decisions and judgments of the Appellate Division, and just as final and conclusive, as are those of the other branch, excepting, as already suggested, those cases where the statute has given the power of review to one branch over the other. This power is expressly given in cases certified from the Common Pleas Division by reason of jury trial being waived. In such cases either party has the right to petition for a new trial in the same manner and with the same effect as if the case had

been heard in the Common Pleas Division before a justice thereof sitting with a jury. It is also competent for the single justice before whom any case within his jurisdiction is heard, if the gravity thereof in his judgment demand, to reserve the same for hearing before the other branch of said Appellate Division, namely, before the three justices thereof. If the General Assembly had intended that either party in any case tried before a single justice of said Division should have the right to petition for a new trial, or in some other way to bring the case before the three justices of said Division for review, they doubtless would have said so. But as they have not, parties must govern themselves accordingly and take such steps, by way of first claiming a jury trial or otherwise, as may be necessary to entitle them to a final hearing before three justices if they desire such a privilege. See *White* v. *White*, 22 R. I. 602, as to petitions for new trial in cases tried in the Appellate Division.

(2)    If, in a case which is tried before a single justice, either party is dissatisfied with the result, it is doubtless open to him to move for a re-argument or a rehearing within the time limited by statute in the same manner as this might have been done if the case had been tried before the three justices of said Division. But such proceeding must be had before the same branch of said Division where the case was tried; as, it having tried and decided the same, and having full jurisdiction to try and finally decide it, for the three justices of said Division to afterwards interfere therein would be for them to substitute their judgment for that of the judgment of the single justice and thereby constitute themselves a court of review in such cases; which, as already suggested, the statute gives them no power to do, except as specially provided therein.

Under Gen. Laws R. I. cap. 246, § 2, it is competent for the single justice who tries a case and enters judgment therein "by mistake, . . . to set aside the same and re-instate the case," at any time within six months after said entry.

The argument of counsel for appellant, that, as it appears from the record that the justice before whom the case was

tried allowed the appellant to take exception to his rulings and subsequently formally allowed the transcript of the stenographic notes of testimony, etc., taken at the trial, it was the evident intention of said justice that the case should be heard before the three justices of this Division and that such acts on the part of said justice amounted to a reservation of the case for decision by the three justices, does not impress us as being entitled to any serious consideration. The fact that said justice not only heard the case, but carefully considered the same and gave a written opinion therein deciding the case in favor of the appellee, conclusively shows that he did not intend to reserve the case for the decision of the three justices. What was done by said justice, by way of reserving exceptions taken at the trial and of subsequently allowing the record, was doubtless done for the purpose of saving to the appellant any possible rights which he might have in the premises. But clearly it did not have the effect of giving jurisdiction to the three justices of said Division to subsequently review the case.

Finally, whether, in case a motion for re-argument or rehearing shall be made before the justice who heard the case and he shall see fit, upon hearing and consideration thereof, to vacate his decision and re-open the case, it would then be competent for him to reserve the case for hearing before the three justices, we are not now called upon to decide. But it would seem that the statute aforesaid is broad enough to permit of such action.

As we have no jurisdiction of the case before us, the petition is dismissed.

*William H. Greene,* for appellant.

*Thomas H. Peabody,* for appellee.